

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOGA SOCIETY, INC., d/b/a<br>KREWE OF ALADDIN | CIVIL ACTION |
| VERSUS | NO. 03-2981 |
| HARRY LEE, JEFFERSON PARISH<br>SHERIFF, ET AL. | SECTION "K"(3) |

## ORDER AND REASONS

Before the Court is a Motion for Reconsideration of Judgment of June 29, 2005, (Doc. 173) filed by plaintiff, the Toga Society, Inc. d/b/a the Krewe of Aladdin ("Toga") pursuant to Fed. R. 59(e). Having reviewed the pleadings, memoranda, exhibits and the relevant law, the Court finds the argument with respect to the previous award of overcharges to be meritorious; however, the motion is without merit in all other respects.

**Standard of Review**

This Court has recognized four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law. *Peterson v. CIGNA Group Ins.*, 2002 WL 1268404, at *2. The Court has further recognized that

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep____
___ Doc. No._____

"[r]econsideration of a judgment is an extraordinary remedy which courts should use sparingly," and the Fifth Circuit has instructed that the standard for Rule 59(e) "favors denial of motions to alter or amend a judgment." *Id.* (quoting *Southern Contractors Group, Inc., v. Dynalectric Company*, 2 F.3d 606, 611 (5th Cir.1993); *Fields v. Pool Offshore, Inc.*, 1998 WL 43217 (E.D.La. 1998); *Bardwell v. Sharp*, 1995 WL 517120, at 1 (E.D.La. 1995); *see also* Wright, Miller & Kane, *Federal Practice & Procedure* § 2810.1, at 124.

Motions to reconsider "based on recycled arguments only [serve] to waste the resources of the court," and are not the proper vehicle to "[rehash] old arguments or [advance] legal theories that could have been presented earlier. *Krim v. PCORDER.COM, Inc.*, 121 F.R.D. 329, 331 (W.D. Tex. 2002). These motions should serve the narrow purpose of "permit[ting] a party to correct manifest errors of law, or fact, or to present newly discovered evidence." *Id.*

### Analysis

The Court recognizes that it failed to include the $3072.00 award for overcharges set forth in its Order and Reasons of June 18, 2004, and the judgment will be amended accordingly. However, the remainder of the relief sought in the instant motion is denied. As stated in the Court's original reasons, plaintiff simply did not prove any loss of profits to a reasonable certainty. The proof according to the appropriate legal standards was virtually non-existent. Therefore, plaintiff certainly has not met its burden under Rule 59(e). The Court reviewed each item of damages and found the necessary proof required woefully lacking.

Counsel argues that additional time should have been given. The Court listened to these arguments in open court prior to ruling and found them unconvincing then as it does now. In this Court's opinion, plaintiff would have to perform legal alchemy to meet its burden based on the theories presented. Plaintiff's theory of recovery simply does not have any basis in law or fact and an extension of time would have only prolonged the agony and the inevitable result. Accordingly,

**IT IS ORDERED** the Motion for Reconsideration of Judgment of June 29, 2005, (Doc. 173) filed by plaintiff, the Toga Society, Inc. d/b/a the Krewe of Aladdin is **GRANTED** in so far as judgment shall be amended to include $3072.00 in overcharges previously awarded and **DENIED** in all other respects.

Houma, Louisiana, this 11th day of October, 2005.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**