UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE TOGA SOCIETY, INC., dba<br>THE KREWE OF ALADDIN<br><br>VERSUS<br><br>JEFFERSON PARISH SHERIFF HARRY LEE, ET AL | CIVIL ACTION<br><br>NO. 03-2981<br><br>SECTION "K" (3) |

REPORT AND RECOMMENDATION

The district judge, having determined that plaintiff, The Toga Society, Inc. ("Toga"), is a prevailing party within the meaning of 42 U.S.C. § 1988, referred the matter to the undersigned Magistrate Judge to determine quantum under the reasonableness inquiry.[1] Additionally, the defendants' motions for attorney's fees[2] were referred *as part of the defendants' opposition to the plaintiff's application for attorney's fees without any reduction.*[3] For reasons set forth below,

**IT IS RECOMMENDED** that:

(1) defendants' motions be GRANTED IN PART, but only insofar as they seek a reduction in quantum of plaintiff's attorneys' fees commensurate with the measure of success and to account for plaintiff's counsels' failure to use billing judgment;

(2) plaintiff's motion for attorney's fees without reduction be DENIED IN PART, *i.e.*, insofar as plaintiff seeks recovery of the full amount of fees charged without any reduction; and

(3) plaintiff's § 1988 Application for an Award of Attorney's Fees be GRANTED in the

---

[1] *See* Judgment dated June 29, 2005 [Rec. Doc. 163]; Plaintiff's Motion for Attorney's Fees Without Reduction filed August 4, 2005 [Rec. Doc. 180].

[2] *See* Defendants' Motions for Attorney's Fees filed July 13, 2005 [Rec. Doc. 170 & 171].

[3] *See* Order dated August 19, 2005 [Rec. Doc. 186].

total amount of **$49,402.50** .

## I. INTRODUCTION

On October 24, 2003, plaintiff filed the captioned matter seeking damages, an injunction and declaratory relief. The centerpiece of plaintiff's lawsuit was a Jefferson Parish ordinance that required the payment of security costs to obtain a Mardi Gras parade permit and its application with respect to Toga. Plaintiff named defendants, the Parish of Jefferson, Jefferson Parish Sheriff Harry Lee and Jefferson Parish Carnival & Special Events Coordinator William Lazaro. Thereafter, the plaintiff amended its complaint to delete several entities which were not amenable to suit and to excise the claim for punitive damages against the Parish of Jefferson. Additionally, the subject ordinance was revised by Jefferson Parish, eliminating the security cost requirement. Plaintiff's claims seeking injunction, mandamus and declaratory relief were dismissed as moot.[4]  The issues which remained for determination by the Court were: "(1) the § 1983 claims as the ordinances were applied in 1999 to 2003; (2) entitlement to any refund for any moneys paid; (3) entitlement to general damages; and (4) entitlement to attorneys' fees and costs under 42 U.S.C. § 1988."[5]

The district judge granted the defendants' motion to dismiss in part as to plaintiff's § 1983 claims, finding that "any claims for damages based on § 1983 from 1999 through October

---

[4]*See* Order and Reasons dated June 18, 2004 at p. 9 n.4 (noting that (1) the amendment to the ordinance removing the security cost provision rendered plaintiff's requests for all prospective relief and specific performance moot and (2) that the agreement reached for the 2004 parades and plaintiff's second amended complaint mooted plaintiff's request for the issuance of a permanent injunction) [Rec. Doc. No. 59].

[5]*Id.* at pp. 9-10.

2

24, 2002 have prescribed."[6] The court further granted Jefferson Parish/Lazaro's motion to dismiss plaintiff's equal protection claims and explained that it is "only in Lee's application of the ordinance that Lee potentially violates the equal protection clause."[7] Because the ordinance in question clearly constitutes legislative action and persons affected received procedural due process in the legislative process, the defendants' motion was granted dismissing plaintiff's procedural due process claims.[8] Additionally, the Court determined that substantive due process analysis was foreclosed.

Addressing plaintiff's First Amendment claim, the district judge concurred with the plaintiff's contention, *i.e.*, where an ordinance provides an administrator unbridled discretion to issue a permit, that constitutes a prior restraint of speech. Accordingly, the court denied Jefferson Parish's motion to dismiss and granted plaintiff's motion for summary judgment in that regard. Plaintiff's only viable claim for damages involved its 2003 payment of $3,485.00 for security costs.

Thereafter, plaintiff asserted that its claim for "additional damages" in the amount of $436,057.24. Discovery ensued and defendants filed a Joint Motion for Summary Judgment. Defendants had conceded, in light of the district judge's rulings, that Toga was entitled to $3,485.00 in security costs paid in 2002 for its 2003 parade. The defendants' motion for summary judgment sought dismissal of Toga's claim for additional damages, noting a complete absence of proof in that regard. The district judge granted defendants' motion and explained:

---

[6] *Id.* at p. 13.

[7] *Id.*

[8] *Id.* at p. 16.

3

> The Court finds that the only damages to which Toga is entitled to [is] $3,485.00 in security costs paid in 2002 for its 2003 parade. The rest of the claims are specious at best and without any support in admissible evidence. The lynchpin of Toga's case is that declining membership due to defendants' actions caused them loss of profits. Even accepting plaintiff's gossamer thin proof devoid of any substantial records, it has failed to prove causation much less loss of profits. Moreover, in the year that Toga had its largest membership (in 2001-1149 members), it lost $31,170. Furthermore, there is no evidence which establishes lost profits with reasonable certainty. In fact, it appears that the only reasonable certainty is that the number of members does not correlate to more profits for Toga.[9]

Judgment issued in favor of the plaintiff in the amount of $3,485.00, plus attorney's fees pursuant to 42 U.S.C. § 1988, in an amount to be determined by the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).[10]

## II. THE LODESTAR METHOD

Determination of the reasonableness of defendants' fee application is a two-step process that begins with the "lodestar" amount. A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. After making this calculation, the court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974). The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account, which would constitute impermissible double-counting.[11]

---

[9] Order and Reasons dated June 29, 2005 at p. 15 [Rec. Doc. No. 162].

[10] *See* Judgment dated June 29, 2005 [Rec. Doc. No. 163].

[11] *Heidtman v. County of El Paso,* 171 F.3d 1038, 1043 (5th Cir.1999); *Shipes v. Trinity Indus.*, 987 F.2d 311, 319-20 (5th Cir.1993)).

The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases.[12]

Of the aforesaid *Johnson* factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel.[13] Three of the *Johnson* factors – complexity of the issues, results obtained and preclusion of other employment – are fully reflected and subsumed in the lodestar amount.[14] Since the *Johnson* decision issued, the Supreme Court has barred any use of the sixth factor (*i.e.*, whether the fee is fixed or contingent).[15]

The lodestar is presumptively reasonable and should be modified only in exceptional cases.[16] Although the party seeking attorney's fees bears the initial burden of submitting adequate documentation of the hours *reasonably* expended and of the attorney's qualifications

---

[12]*Johnson*, 488 F.2d at 717-19.

[13]*Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir.1998).

[14]*Heidtman*, 171 F.3d at 1043; *Shipes*, 987 F.2d at 319-22 & n.9).

[15]*Walker v. United States Dep't of Housing & Urban Dev.*, 99 F.3d 761, 772 (5th Cir.1996) (*citing City of Burlington*, 505 U.S. at 567 and *Shipes*, 987 F.2d at 323).

[16]*Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir.1993); *Heidtman*, 171 F.3d at 1043.

and skill, the party seeking reduction of the lodestar bears the burden of showing that a reduction is warranted.[17]

Toga submits that reimbursement for attorney's fees in the full amount of $181,707.50 without reduction is warranted. The attorney's fees are based on following hourly rates, to wit: (1) Louis R. Koerner, Jr. $91,595.00 (*i.e.*, 209.20 hours @ $200.00 per hour plus 189.20 hours @ $250.00 per hour); and (2) Adam S. Lambert $90,112.00 (*i.e.*, 600.75 hours @ $150.00 per hour).

### A. Hourly Rates Charged by Defense Counsel

First, it must determined whether the customary hourly rates charged by plaintiff's counsel are reasonable. Plaintiff's counsel submit that they charged their standard hourly rates and that these rates are more than reasonable in light counsel's experience, skill and knowledge, without further explanation. Plaintiff's counsel provided an itemization of time spent prosecuting the case and submit that the case involved complex issues of constitutional/civil rights law.[18]

An attorney's requested hourly rate is *prima facie* reasonable when he requests that the lodestar be computed at his or her customary billing rate. The $150.00 and $200.00/$250.00 hourly rates charged by Koerner and Lambert, respectively, are contested by the defendants. In contrast, defendants note that their attorneys (Mssrs. Kirsch, Lagarde and Anzelmo) charged only

---

[17]*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 329 (5th Cir.1995).

[18]*See* Reply Memorandum in Support of Plaintiffs' Motion for Attorney's Fees at pp. 10-11.

$100.00 and $125.00 an hour respectively. Moreover, defendants contend that plaintiff's counsel has failed to justify any rate in excess of $150.00 an hour. Defendants highlight that plaintiff's counsel merely state in conclusory fashion that their hourly rates are reasonable and fail to provide any further explanation. Additionally, defendants note that plaintiff's counsel failed to exercise billing judgment by excising redundant, excessive and/or unrelated time charges and that plaintiff's computation fails to take into consideration that plaintiff only prevailed in part.

Addressing the $200.00/$250.00 hourly rate customarily charged by Koerner, defendants argue that the field of civil rights litigation should not command $200.00 an hour or more and proposes the lesser rate of $150.00 an hour for Koerner's professional fees. Considering the Court's own experience in reviewing and evaluating requests for awards of attorney's fees and knowledge of the customary rate charged by litigators with more than 20 years of litigation experience, the undersigned is not persuaded by defendant's contention regarding the $200.00 rate initially charged by Koerner. A review of the jurisprudence bolsters this Court's opinion that the hourly rate of $200.00, while perhaps at the high end of the range of prevailing market rates for lawyers with comparable experience and expertise in litigation of this type, is neither unreasonable nor excessive.[19] However, the Court agrees that the $250.00 rate charged is

---

[19] *See Oyefodun v. City of New Orleans*, 2001 WL 775574, at *9 (E.D.La. July 9, 2001) (Vance, J.) ($150 per hour found to be reasonable in the case of an attorney who had been admitted to the bar in 1977); *Lalla v. City of New Orleans*, 161 F.Supp.2d 686, 699 (E.D.La.2001) (Livaudais, J.) ($185 per hour found to be reasonable in the case of a civil rights attorney with 25 years of experience); *Yousuf v. UHS of De La Ronde, Inc.*, 110 F.Supp.2d 482, 490-91 (E.D.La.1999) (Livaudais, J.) ($195 per hour to an attorney who had practiced civil rights litigation for 24 years); *Grantham v. Moffett*, 1996 WL 3750, at *4 (E.D.La. Jan. 3, 1996) (Africk, M.J.), aff'd, 101 F.3d 699 (5th Cir.1996) (In age discrimination case tried ten years ago in 1995, Magistrate Judge Africk determined that the hourly rate of $175 for an attorney who had practiced law for 23 years was reasonable).

excessive, unreasonable and not justified under the circumstances. The rate of $150.00 an hour charged by Lambert is reasonable. The Court is not persuaded by the defendants' argument that defense counsel charged the Parish of Jefferson and Sheriff Harry Lee a lower hourly rate for professional services rendered and thus finds that the hourly rates of $150.00 (Lambert) and $200.00 (Koerner) are reasonable.

## B. The Hours Charged by Defense Counsel

Next, the Court must determine the reasonable number of hours that plaintiff's counsel expended on the litigation. The burden of proving the reasonableness of the hours expended is on the fee applicant.[20] As a general proposition, all time that is excessive, duplicative or inadequately documented should be excluded from any award of attorney's fees.[21] Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards.[22] The fee seeker's attorneys "are charged with proving that they exercised billing judgment."[23] When billing judgment is lacking, the court *must* exclude from the lodestar calculation the hours that were not reasonably expended.[24]

Defendants specifically challenge excessive, duplicate billing and hours not reasonably expended in furtherance of Toga's claims, noting for instance that: (1) both Lambert and Koerner attended the depositions of December 4 and 5, 2003 and depositions taken after June 18, 2004

---

[20] *Mota*, 261 F.3d at 528.

[21] *Watkins*, 7 F.3d at 457.

[22] *Walker*, 99 F.3d at 769.

[23] *Id.* at 770.

[24] *Hensley*, 461 U.S. at 434.

and seek reimbursement for the redundant fees as costs; (2) both Lambert and Koerner's fee statements include charges for work on unrelated issues, including Krewe of Neptune and J. Clark Promotion's motions for leave to intervene, neither of which were successful; and (3) Lambert's statement contains unexplained charges for conferences with the media which should be eliminated as they have nothing to do with the *prosecution* of this case.[25]

Specifically addressing plaintiff's disputed/unsuccessful additional damage claim for $436,057.24 (*i.e.*, an amount claimed over and above the recoverable $3,485.00 in security costs paid by Toga), the defendants' position is that all time billed after June 18, 2004 (the date of the partial summary judgment ruling) should be excluded from the lodestar computation.[26] Most notably, none of the damages listed in plaintiff's damage study addressing plaintiff's claim for $436,057.24 were awarded by the district judge. Proceedings relative to the additional damage claim consumed the latter half of the proceedings. Concomitantly, defendants submit that all time spent in depositions after June 18, 2004 should be eliminated.

For its part, Toga submits that, absent exceptional circumstances, it is entitled to all of its attorney's fees as part of its costs because the district judge has held it to be a "prevailing party" within the meaning of § 1988. Plaintiff highlights the substantial alteration of the relationship between the parties (including statutory amendments freeing it and other entities from paying defendants $27,000.00 a year or more to parade). Considering the foregoing, plaintiff submits

---

[25]*See* Defendants' Joint Memorandum in Opposition to Plaintiff's Motion for Attorney's Fees at pp. 15-16.

[26]*See* Order and Reasons dated June 18, 2004 (granting plaintiff's motion for partial summary judgment in part with respect to the First Amendment claim as to all defendants, the Equal Protection claim as to Harry Lee and to plaintiff's claim for refund of security costs paid for 2000) [Rec. Doc. No. 59].

9

that defendants' argument regarding a ratio of 6:1 between actual damages and the amount of attorney's fees requested is incorrect.[27] Suffice it to say, Toga's position is that, because it prevailed on an important constitutional issue and received a substantial damage award, it is entitled to *all* attorney's fees billed *without any reduction.*

Plaintiff does not specifically address the defendants' arguments regarding (1) the elimination of fees billed post-June 2004 regarding Toga's completely unsuccessful $436,057.24 damage claim/analysis and (2) plaintiff's counsels' failure to use billing judgment to excise charges for excessive, redundant or duplicative hours and work not performed prosecuting Toga's case.

This Court notes that the captioned matter proceeded to judgment without the necessity of a trial. Defendants' objections to the plaintiff's application for attorneys' fees without reduction are well-founded in large part. A review of the plaintiff's fee application shows charges for imprudent duplication of effort and the failure to exercise billing judgment as required by the law of the Fifth Circuit. Morever, this was a summary judgment case and plaintiff prevailed *only in part*. Plaintiff's additional damage claim of $436,057.24 was completely unsuccessful and fees billed by plaintiff's counsel post-June 18, 2004 regarding same are substantial. As explained in more detail below, the vast majority of the attorney hours charged for the prosecution of Toga's case post-June 18, 2004 are allocable to matters on which the plaintiff did not ultimately prevail.

The undersigned Magistrate Judge is convinced that, with the exception of time billed prosecuting plaintiff's application for attorney's fees as a prevailing party within the meaning of §1988 and attorney's fees allocated to settlement efforts, all attorney's fees billed by plaintiff's

---

[27]*See* Plaintiff's Reply Memorandum at p. 2.

counsel after June 18, 2004 (*i.e.*, the date that summary judgment issued regarding the uncontested security costs paid by plaintiff) should be excised. Billings post-June 18, 2004 are not properly or reasonably charged against the defendants, who prevailed with respect to plaintiff's baseless claim for additional damages.

As previously noted, the Court will allow recovery of fees billed for purposes of settlement, to wit: ASL 5-29-05 (0.25 hours); LRK 6-8-05 (2.00 hours); ASL 6-9-05 (3.00 hours); LRK 6-9-05 (3.00 hours). In this regard, the district judge directed that settlement be pursued. The case, its issues, and the amounts involved were well developed by that stage. Considering the foregoing, no more than 8.25 hours collectively was necessary to fulfill any duty to the Court to explore settlement possibilities. More particularly, $1,487.50 (ASL 3.25 hours X $150 plus LRK 5 hours X $200) is ample compensation for plaintiff's settlement efforts.

Now turning to fees charged prior to June 18, 2004, the Court notes that an attorney's hourly rate should not be applied to clerical or administrative work. "Normally, clerical or secretarial costs are part of an attorney's office overhead and are reflected in the billing rate."[28] It is well established that "when an attorney performs a task that could be handled by clerical staff, the opponent should not be charged the attorney's hourly rate."[29]

---

[28]*Hagan v. MRS Assocs., Inc.*, 2001 WL 531119, at *9 (E.D.La. May 15, 2001) (Africk, M.J.) (*citing Jane L. v. Bangerter*, 61 F.3d 1505, 1517 (10th Cir.1995)); *In re North*, 59 F.3d 184, 195 (D.C.Cir.1995)) (additional citations omitted).

[29]*Hagan*, 2001 WL 531119, at 9. *See also Jenkins,* 491 U.S. at 288 n.10 (clerical and other non-legal work should not be billed at attorney's rate); *Harris v. L & L Wings, Inc.*, 132 F.3d 978, 985 (4th Cir.1997) (secretarial tasks); *Abrams v. Baylor College*, 805 F.2d 528, 535-36 (5th Cir.1986) (clerical work); *Barrilleaux v. Thayer Lodging Group, Inc.*, 1999 WL 397958, at *2 (E.D. La. June 11, 1999) (Livaudais, J.) (clerical and administrative tasks); *Inks v. Healthcare Distribs. of Ind., Inc.*, 901 F.Supp. 1403, 1416 (N.D.Ind.1995) (delivery of documents); *A.N. v. Handy*, 1995 WL 571828, at *2 (N.D.Ill. Sept. 22, 1995) (mailing papers and filing pleadings).

Here, the Court finds that the plaintiff improperly seeks reimbursement for the following clerical tasks at the attorney's hourly rate, to wit: (1) 4/30/04 ASL <1.0 hours > (printed, copied, sent motion to supplement record to opposing counsel and filed motion with clerk of court); (2) 12/6/03 LRK <4.60 hours> (review, take out non-printing characters, making table for oppositions); LRK 12/16/03 <7.75 hours> (preparing depositions in booklet format); 4/30/04 LRK <0.20 hours> (filing motion to supplement record); (3) 4/27/04 LRK <0.20 hours> (filing reply memorandum); and (4) 2/17/04 LRK <0.20> (filing reply memorandum). It is the opinion of the undersigned that the aforesaid time entries reflect clerical or administrative work, not properly billed at an attorney's hourly rate. As aforestated, clerical work includes copying, typing, labeling, faxing, mailing, filing and/or delivering pleadings/documents.

The Court further finds that the hours spent by Koerner and Lambert prosecuting Krewe of Neptune's and J. Clark Promotion's motions for leave to intervention are not properly chargeable to the defendants as the costs of Toga's case. The undersigned Magistrate Judge denied both Krewe of Neptune's and J. Clark Promotion's motions for leave to intervene and the district judge overruled plaintiff's objections to that ruling.[30] The claims of the proposed intervenors were not so intertwined as to be inseparable. Thus, all time devoted to researching, drafting, filing and appealing the disposition of the motions to intervene shall be deducted as part of the lodestar calculation. Accordingly, the following entries should be excised from Toga's itemization of fees, to wit:

(1) ASL: 12-15-03 <2.75 hours>, 12-17-03 <2.25 hours>, 1-05-04 <3.00 hours>, 1-28-04 <2.27 hours>, 2-19-04 <3.50 hours>, 2-20-04 <3.75>, 3-2-04 <3.50 hours>, 3-4-04 <2.25

---

[30]*See* Order and Reasons dated March 26, 2004 [Rec. Doc. 61]; Order dated October 18, 2004 [Rec. Doc.71].

hours>, 3-8-04 <2.00 hours>, 3-10-04 <4.75 hours>, 3-11-04 <1.50 hours>, 3-15-04 <0.75 hours>, 3-16-04 <1.00 hours>, 3-17-04 <2.00 hours>, 4-6-04 <.075 hours>.[31]

(2) LRK: 2-19-04 <2.75 hours>, 2-27-04 <0.75 hours>, 3-2-04 <0.25 hours>, 3-3-04 <0.25 hours>, 3-3-04 <0.20 hours>, 3-4-04 <0.10 hours>, 3-10-04 <0.30 hours>, 3-11-04 <0.20 hours>, 3-14-04 <0.25 hours>, 3-15-04 <0.35 hours>, 3-16-04 <1.00 hours>, 3-17-04 <2.00 hours>.[32]

Additionally, plaintiff's counsel spent a considerable amount of time conferring with the media, which is not properly chargeable to the defendants as costs of litigation. Accordingly, the following billing entries submitted by Lambert shall be eliminated from the lodestar computation, to wit: ASL 10-23-03 <4.00 hours>; ASL 12-11-03 <4.75 hours>; ASL 1-08-04 <3.75 hours>; ASL 2-14-04 <1.00 hours>; ASL 2-19-04 <3.50 hours>; and ASL 2-20-04 <3.75 hours>.[33] Additionally, the aforesaid entries are too vague for the Court to determine whether they represent a reasonable use of time.[34]

---

[31]Because the Court has previously determined that plaintiff is not entitled to reimbursement for fees incurred after June 18, 2004, counsel's billing entry dated 7-7-04 regarding the prosecution of Neptune's Intervention is not listed.

[32]Because the Court has previously determined that plaintiff is not entitled to reimbursement for any fees incurred after June 18, 2004, counsel's billing entries dated 7-7-04 and 7-15-04 regarding the prosecution of Neptune's Intervention are not listed.

[33]Because the Court has previously determined that plaintiff is not entitled to reimbursement for any fees allegedly incurred as costs of litigation after June 18, 2004, counsel's billing entry dated 6-23-04 regarding the setting up press conferences with WDSU, FOX 8, WGNO and TP and attending said conferences at the courthouse need not be addressed.

[34]*See Walker,* 99 F.3d at 773 (rejecting fee request that contained "terse listings" such as "library research," "phone interviews," *inter alia*, with no further explanation); *LP & L,* 50 F.3d at 326 n. 11 (describing vague entries which were inadequate to support fee request); *Von Clark v. Butler,* 916 F.2d 255, 259 n. 6 (5th Cir. 1990) (noting that certain entries were "scanty" and lacked sufficient explanatory detail).

The Court further addresses plaintiff's counsel's failure to use billing judgment by eliminating the following fees charged as excessive, duplicative and/or redundant, to wit: ASL 10-21-03 <3.25 hours>; ASL 10-22-03 <3.00 hours>; ASL 10-30-03 <3.00 hours>; ASL 11-17-03 <2.50 hours>; ASL 11-30-03 <3.25 hours>; ASL 12-4-03 <8.00 hours>; ASL 12-5-03 <8.00 hours>; ASL 12-9-03 <3.00 hours>; ASL 12-10-03 <2.25 hours>; ASL 12-11-03 <1.50 hours>; ASL 1-7-03 <3.25 hours>; ASL 1-22-04 <3.00 hours>; ASL 1-23-04 <2.50>; ASL 1-27-04 <2.00 hours>; ASL 2-9-04 <2.75 hours>; ASL 2-10-04 <2.50 hours>; ASL 2-11-04 <2.25 hours>; LRK 11-4-03 <4.30 hours>; LRK 11-7-03 <3.40 hours>; LRK 11-17-03 <1.70 hours>; 11-25-03 LRK <2.60 hours>; LRK 11/30/03 <2.50 hours>; LRK 12-7-03 <4.75 hours>; LRK 1-7-04 <3.00 hours>; LRK 1-27-04 <1.75 hours> (damage computation); LRK 2-2-04 <0.50 hours> (damage calculations); and LRK 2-10-04 <2.85 hours>.

In light of defendant's objections and in accordance with the standards set forth in *Hensley*, this Court has undertaken a line-by-line review of the time records in conjunction with the parties' written submissions for the purpose of identifying and excluding any "excessive, redundant, or otherwise unnecessary" hours.[35] Plaintiff's counsel's billing statements reflect that both Lambert and Koerner attended the depositions scheduled on December 4 and 5, 2003. Defendants submit that Lambert's time spent attending the aforesaid depositions was excessive or duplicative. The Court agrees and has eliminated duplicative billing by Lambert.

---

[35] *Hensley*, 461 U.S. at 433-45.

14

## C. Calculation of the Lodestar

As aforestated, when using the lodestar method to award attorney's fees, courts routinely deduct time spent on unsuccessful, unfounded or unnecessary pleadings, motions, discovery requests and memoranda. The Fifth Circuit has affirmed awards that contained such deductions.[36]

In summary, the requested hours for Koerner for the period of October 30, 2003 to June 18, 2004 (*i.e.*, 177.25 hours) should be reduced by 47.25 hours for failure to exercise billing judgment.[37] Additionally, fees billed relating to the prosecution of Toga's claim for attorney's fees pursuant to § 1988, prevailing party status and the settlement effort. Otherwise, attorney's fees billed after June 18, 2005 are not recoverable for reasons previously explained.

**LRK** 177.25 hours (10/30/03 through June 18, 2004)

- 47.25 hours

130.00 hours

+ 11.00 hours[38]

141.00 hours @ $200.00 an hour = $28,200.00

---

[36] *See Raspanti v. Caldera,* 2002 WL 494939, at *2 (5th Cir. Mar. 15, 2002); *Leroy v. City of Houston,* 906 F.2d 1068, 1084 (5th Cir. 1990).

[37] *See* Discussion, *supra*, at pp. 11-13.

[38] This amount includes time billed post-June 18, 2005 regarding prevailing party status, settlement and attorney's fees, to wit: LRK 2.0 hours on 6/8/05; LRK 3.0 hours on 6/9/05; LRK 5.15 hours on 7/14/05; LRK 0.75 hours on 7/25/05; and LRK 0.10 hours on 8/3/05.

The requested hours for Lambert for the period of September 21, 2003 to June 18, 2004 (*i.e.*, 240.50 hours) should be reduced by 109.25 hours for failure to exercise billing judgment.[39] Additionally, fees incurred after the June 18, 2004 summary judgment issued shall not be allowed, with the exception of fees billed relating to the prosecution of Toga's claim for attorney's fees pursuant to § 1988, prevailing party status and counsel's participation in settlement discussions. Otherwise, attorney's fees billed after June 18, 2005 are not recoverable for reasons previously explained.

**ASL** 240.50 hours (9/21/03 through June 18, 2004)

- 109.25 hours

131.25 hours

+ 10.10 hours[40]

141.35 hours @ $150.00 an hour = $21,202.50

Accordingly, the lodestar calculation results in the sum of **$49,402.50** (*i.e.*, ASL $21,202.50 + LRK $28,200.00).

The lodestar figure should be enhanced or reduced only in *exceptional* cases.[41] This is not such a case. In making this determination, the factors articulated in *Johnson* have been

---

[39]*See* Discussion, *supra*, at pp. 11-13.

[40]This amount includes time billed post-June 18, 2005 regarding prevailing party status, settlement and attorney's fees, to wit: ASL 0.25 hours on 5/29/05; ASL 1.0 hours on 6/3/05; ASL 1.00 hours on 6/5/05; ASL 0.10 hours on 6/8/05; ASL 3.00 hours on 6/9/05; ASL 1.75 hours on 7/3/05; and ASL 3.00 hours on 7/14/05.

[41]*Watkins*, 7 F.3d at 457 (*citing City of Burlington*, 505 U.S. at 562).

considered and applied, as required by the Fifth Circuit.[42] Those factors have been evaluated as follows:

(1) The time and labor required have already been considered in reaching the lodestar.

(2) The questions involved in this case were not so novel or difficult, as to require an upward adjustment. Indeed, the entire matter was resolved on motions to dismiss and/or for summary judgment.

(3) The skill required to perform the legal service properly is connected to the second factor and has already been taken into account in plaintiff's counsel's reasonable and customary hourly rates $150.00 and $200.00 an hour, respectively.

(4) Plaintiff's counsel contend that they were precluded from taking other employment, however, the Fifth Circuit has held that this factor is already "fully reflected and subsumed in the lodestar amount."[43] While Koerner suggests that he was precluded from taking other cases by the volume of work necessitated by this case, the record does not support a finding that the other work would have resulted in greater fees that obtained for *Toga*.

(5) After the reductions discussed above for failure to exercise billing judgment, *inter alia*, the fees charged were customary.

(6) No contingency contract is at issue and, as a matter of law, a contingent fee contract cannot be used to affect the lodestar.

(7) There were no significant time limitations imposed by the circumstances.

---

[42]*Riley*, 99 F.3d at 760; *LP & L*, 50 F.3d at 331.

[43]*Heidtman*, 171 F.3d at 1043.

17

(8) Toga only partially prevailed on its claim and did so on or before June 18, 2004, which has already been taken into account by excluding billings related to the prosecution of motions to intervene and Toga's unsuccessful claim for additional damages in the amount of $436,057.24. In light of defendants' argument for extensive, specific reductions, most of which have merit, no deduction in the form of a percentage should result from counsel's complete failure to exercise billing judgment. An additional deduction on a percentage basis would result in a double penalty for the same shortcoming.[44]

(9) The experience, reputation, and ability of counsel has already been considered in determining the lodestar with customary rates billed at the high end of the spectrum of customary rates charged in this locality.

(10) While plaintiff's counsel contends that the case was undesirable, the Court notes that *two* attorney's worked the case in tandem. While other attorneys may have viewed the case as undesirable, the record is devoid of evidence that plaintiff's counsel viewed the case as such.

(11) Plaintiff does not contend that its relationship with counsel warrants any adjustment of the lodestar amount.

(12) The lodestar amount of **$49,402.50** correlates with other civil rights cases, which were resolved on summary judgment without the necessity of trial on any issue.

In summary, none of the twelve factors weigh in favor of adjusting the lodestar. In light of the reductions previously made for failure to exercise billing judgment, *inter alia*, no further

---

[44]*See Green v. Administrators of Tulane Educational Fund*, 284 F.3d 642, 662 (5th Cir. 2002) (finding that a percentage reduction is nothing more than an abbreviated way of performing the meticulous task of a line-by-line analysis ultimately performed by the Magistrate Judge).

downward adjustment is warranted. The reasonable hours spent multiplied by counsel's reasonable/customary hourly rates yields a reasonable attorney's fee award of **$49,402.50** as explained in more detail above.

## CONCLUSION

The amount of **$49,402.50** is reasonable and sufficiently compensates the professional services rendered to vindicate the plaintiff's rights, particularly considering that (1) the matter was resolved on summary judgment without a trial and (2) the focal point of the latter half of the proceedings was plaintiff's unsuccessful "additional damage" claim and motions to intervene filed on behalf of unrelated parties. Applicants for §1988 attorney's fees must exercise billing judgment in submitting their fee requests by eliminating excessive, redundant or unproductive time. Counsel does not have the right to bill for inadequately documented time or for proceedings regarding issues upon which the party does not prevail.[45]

For the foregoing reasons,

**IT IS RECOMMENDED** that the defendants' motions be GRANTED IN PART, but only insofar as they seek a reduction in quantum of plaintiff's attorneys' fees commensurate with the fact that the plaintiff prevailed only in part.

**IT IS FURTHER RECOMMENDED** that the plaintiff's motion for attorney's fees without reduction be DENIED IN PART, *i.e.*, insofar as plaintiff seeks recovery of the full amount of fees charged without any reduction, and that the plaintiff's § 1988 Application for an Award of Attorney's Fees be GRANTED in the **total amount of $49,402.50**.

---

[45] *See Walker v. United States Dep't of Housing & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996).

## OBJECTIONS

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 13 day of October, 2005.

_____
DANIEL E. KNOWLES, III
**UNITED STATES MAGISTRATE JUDGE**