UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TOGA SOCIETY, INC., d/b/a                                           CIVIL ACTION
KREWE OF ALADDIN

VERSUS                                                              NO. 03-2981

HARRY LEE, JEFFERSON PARISH                                         SECTION "K"(3)
SHERIFF, ET AL.

## ORDER

Having previously determined that plaintiff, The Toga Society, Inc. ("Toga") is a prevailing party within the meaning of 42 U.S.C. § 1988, the issue of quantum under the reasonableness inquiry was referred pursuant to Fed. R. Civ. P. 54(d)(1)(D) and L.R. 54 to Magistrate Judge Daniel E. Knowles, III. In addition, the Court referred the defendants' motions for attorney's fees as part of the defendant's opposition to the plaintiff's application for attorney's fees without any reduction. Toga sought reimbursement for attorneys' fees in the full amount of $181,707.50. On October 14, 2006, the Magistrate Judge entered his Report and Recommendation in which he recommended that

(1)   defendant's motions be GRANTED IN PART, but only insofar as they seek a reduction in quantum of plaintiff's attorneys' fees commensurate with the measure of success and to account for plaintiff's counsels' failure to use billing judgment;

> (2) plaintiff's motion for attorney's fees without reduction be DENIED IN PART, *i.e.,* insofar as plaintiff seeks recovery of the full amount of fees charged without any reduction; and
>
> (3) plaintiff's § 1988 Application for an Award of Attorney's Fees be GRANTED in the total amount of $49,402.50.

Before the Court are Objection to Report and Recommendations filed by The Toga Society, Inc., D/B/A Krewe of Aladdin (Doc. 197), Jefferson Parish' Objection to and/or Appeal of Magistrate's Report and Recommendation on Attorney Fees and Incorporated Memorandum in Support (Doc. 202), and Sheriff Harry Lee's Objection to and/or Appeal of Magistrate's Report and Recommendation on Attorney Fees and Incorporated Memorandum in Support (Doc. 204). Having reviewed the pleadings, memoranda and the relevant law, and having conducted a *de novo* review as set forth in Fed. R. Civ. P. 72(b) as to all specific written objections that have been made by all the parties, the Court accepts the Report and Recommendation and adopts it as its own for the reasons that follow.

### Plaintiff's Objections

Toga contends that the Magistrate Judge erred in the following ways:

> (1) that he failed to apply the correct presumption of validity and reasonableness to Koerner's customary and ordinary billing rate of $250.00, as this was the rate which Koerner charged all his clients at the time (after January of 2005) in which the rates subjudice were charged;

(2) that he wrongly found that attendance of both Lambert and Koerner at the depositions of December 4 and 5, 2003, and the depositions taken after June 18, 2004 were duplicative and thus erred in such a reduction;

(3) that the motions to intervene were not necessary and fees therefrom should have been included;

(4) that the Magistrate Judge wrongly found that plaintiff's damage claim was "completely unsuccessful" and the excision of nearly all billing after June 18, 2004 was incorrect;

(5) that the items which were excised as "clerical or secretarial costs" were not same as the preparation of deposition booklets and tables of depositions requires the attention of an attorney; and

(6) that the excision of Lambert's time answering questions of the media was a necessary part of the litigation particularly in light of the duty to mitigate plaintiff's damages.

The Court finds these objections without merit and finds the Report and Recommendation of the Magistrate Judge correct in all aspects.

To begin, the reduction of the billing rate to $200 for Mr. Koerner and $150 for Mr. Lambert is supported by the factual and legal analysis of the Magistrate Judge and the cases cited at footnote 19 in the subject Report and Recommendation. Furthermore, in light of this Court's experience, the Court is in concurrence with such a reduction.

Likewise, the Court finds that the Magistrate Judge disallowed any recompense for fees incurred after June 18, 2005, the date that summary judgment on liability issued. As noted by the

Magistrate Judge and previously stated by this Court, the damages sought by plaintiff were specious at best, and the extraordinary amount of time expended pursuing the amorphous, chimera-like damage claim should not be included in the attorneys' fee award herein.

In addition, the Court finds unpersuasive plaintiff's explanation that attendance of both Lambert and Koerner at any deposition taken in this matter was not duplicative. This litigation was not so complicated or technical that depositions required both attorneys to attend. In same vein, the motions to intervene were unnecessary and unsuccessful; any recompense for these activities is not recoverable.

Unquestionably, the amounts deducted by the Magistrate Judge for clerical work is supported in fact and the law. The cases cited in footnote 29 of the subject Report and Recommendation amply support that proposition that clerical or secretarial costs should not be charged at the attorney's hourly rate.

Finally, a prevailing party may recover only that time "reasonably expended on the litigation." *Hensley,* 461 U.S. at 433, 103 S. Ct. at 1939. Thus, attorneys' fees for time spent with the media is not compensable.

> The Fifth Circuit routinely denies such requests because they are not related to the litigation of the case. *See id.* at 458; *Associated Builders & Contractors of La., Inc. v. Orleans Parish Sch. Bd.,* 919 F.2d 374, 380 (5th Cir.1990) (affirming the district court's decision to discount award for time spent preparing press releases); *see also Rum Creek Coal Sales, Inc. v. Caperton,* 31 F.3d 169, 176 (4th Cir.1994) ("The legitimate goals of litigation are almost always attained in the courtroom, not in the media.").

*Hopwood v. State of Tex.,* 999 F.Supp. 872, *913 (W.D.Tex. 1998). The Court will now turn to the defendants' objections.

**Jefferson Parish's and Sheriff Harry Lee's Objections**

Relying primarily on *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041 (5th Cir. 1998), Jefferson Parish and Sheriff Harry Lee contend that the ratio of the fee to the actual award is simply too large to allow the fee award to stand and should be reduced to $15,000.00, or about five times the amount awarded against Jefferson Parish and Sheriff Lee.[1]  In addition, both defendants object to the recommended hourly rate of $200.00 for Mr. Koerner and $150.00 for Mr. Lambert because theses rates are allegedly  not in accordance with the prevailing market rates in Louisiana.  They seek a reduction of Mr. Koerner's rate to $150.00 and $100.00 for Mr. Lambert.

This second argument is the flip-side of plaintiff's contention that the rate set by the Magistrate Judge was too low.  For the reasons stated above, the Court find that the Magistrate Judge's recommendation in this regard well supported in the law and facts and the Court will not adjust these rates.

As to the seminal objection, as previously noted, plaintiff  initially sought reimbursement of attorneys' fees in the full amount of $181,707.50.  The Magistrate Judge painstakingly reviewed the bills submitted, line by line, using the proper lodestar method, took into

---

[1] Counsel is correct in its note that the Amended Judgment entered by the Court awarding $6,557.00 against Jefferson Parish and Sheriff Harry Lee was incorrect.  On the First Amendment claim against Jefferson Parish and Sheriff Harry Lee and the Equal Protection Claim against Sheriff Lee, the defendants conceded that $3485.00 was due plaintiff in security costs paid in 2002 for its 2003 parade; this award was the only amount in damages awarded on the Joint Motion for Summary Judgment.  The amount of  $3,072.00 had been previously conceded to be due as an overpayment made by plaintiff for the cost of police protection in 2000 by Sheriff Lee.   *Toga Society, Inc. v. Lee*, 323 F.Supp.2d 779, 796 (E.D.La. 2004). While that amount was also in a practical sense was an overpayment, the "fee" itself was at the heart of the Equal Protection issue and as such, both amounts shall be considered in relation to the attorney fee awarded.  Nonetheless, this Court recognizes the clerical error made in the Amended Judgment and is in the process of correcting same pursuant to Fed. R. Civ. P. 60(a).

consideration the *Johnson* factors[2] and properly recognized that the lodestar may not be adjusted where the creation of the lodestar award has taken a particular factor into account, *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).  By eliminating practically all fees incurred after the determination of liability, double billing and the actions to which plaintiff objected above, the Magistrate Judge  reduced that amount awarded to $49,402.50–27% of the amount requested which is approximately 7.5 times the amount of damages awarded.

Defendants' maintain that this award is in contravention of the dictates of  *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1048 (5th Cir. 1998) which they contend stands for the proposition that an attorney fee award of a ration six and one half times the amount of damages awarded  is unacceptable. In *Migis,* the Fifth Circuit found that the district court abused its discretion in a Title VII action by failing to give adequate consideration to result obtained relative to attorney fee award, and to result obtained relative to result sought.  It indeed held that the court's award of $81,000 in fees was over six and one-half times the amount of damages awarded; the employee had alleged four acts of discrimination on account of sex and/or pregnancy but prevailed only as to one act, and only as to pregnancy.  Thus, the Court based its ratio argument on the limited success of the relief sought.  Indeed, it noted that "the Supreme Court has held that a declaration of discrimination does not alter the rule that the plaintiff's monetary success in a private civil rights suit must be the primary determinant of the attorney's fee." *Id.* at 1048.

However, there is no *per se* rule of proportionality. *Dodge v. Hunt Petroleum Corp.,* 174 F. Supp.2d 505, 511 (N.D.Tex. 2001).   Furthermore, in *City of Riverside v. Rivera*, 477 U.S. 561

---

[2]*Johnson v. Georgia Highway Express, Inc.*488 F.2d 714, 717-19 (5th Cir. 1974).

(1986), the Supreme Court allowed to stand an award of attorney fees that was seven times the amount of compensatory and punitive damages awarded. *Id.* at 576-77. This case does not fit the facts of *Farrar v. Hobby*, 506 U.S. 103 (1992) where a "plaintiff filed a lawsuit demanding 17 million dollars from six defendants. After 10 years of litigation and two trips to the Court of Appeals, he got one dollar from one defendant." *Id.* at 575. Plaintiff received more than nominal damages, and as such Toga's counsel is entitled to a reasonable fee. As Justice O'Connor stated in her concurrence:

> Section 1988 is not "a relief Act for Lawyers." *Riverside v. Rivera*, 477 U.S. 561, 588, 106 S. Ct. 2686, 2701, 91 L.Ed. 2d 466 (1986) (REHNQUIST, J. dissenting). Instead, it is a tool that ensures the vindication of important rights, even when large sums of money are not at stake, by making attorney's fees available under a private attorney general theory.

*Farrar,* 506 U.S. at 578. As this case was one that implicated the First Amendment and Equal Protection issues that had Parish-wide implications, plaintiff was justified in its zealous pursuit of its claims. Accordingly, the Court rejects defendants' *Migis*-based objection in light of the substantial reduction in the fee sought as a result of the low damage award.

> As explained by the Magistrate Judge in rendering his recommendation:
>
> Toga only partially prevailed on its claim and did so on or before June 18, 2004, which has already been taken into account by excluding billings related to the prosecution of motions to intervene and Toga's unsuccessful claim for additional damages in the amount of $436,057.24. In light of defendants' argument for extensive, specific reduction, most of which have merit, no deduction in the form of a percentage should result from counsel's complete failure to exercise billing judgment. An additional deduction on a percentage basis would result in a double penalty for the same shortcoming.

Report and Recommendation at 18 (*citing Green v. Administrators of Tulane Educational Fund*, 284 F.3d 642, 662 (5th Cir. 2002) (finding that a percentage reduction is nothing more than an abbreviated way of performing the meticulous task of a line-by line analysis ultimately performed by the Magistrate Judge). Thus, a further reduction of the attorneys' fees would indeed implicate a duplicate reduction as no fees have been awarded for actions taken where plaintiff was not successful.

Furthermore, had defendants wanted to limit the amount of attorneys' fees, it could have availed itself of Fed. R. Civ. P. 68. As noted in *Marek v. Chesny*, 437 U.S. 1 (1985), a civil rights plaintiff who recovers a judgment which is not greater than the amount of a rejected offer made under Rule 68 is precluded from recovering attorney's fees and costs incurred subsequent to the date the offer is rejected. During the course of the litigation, defendants could easily have submitted an offer of judgment that would have prevented attorneys' fees being due. *See Dodge*, 174 F.Supp.2d at 511.

Thus, having conducted a *de novo* review based on the objections lodge by plaintiff, the Court finds no merit therein and will adopt the Report and Recommendation for the reasons assigned herein. Accordingly,

**IT IS ORDERED** that the Objection to Report and Recommendations filed by The Toga Society, Inc., D/B/A Krewe of Aladdin (Doc. 197), Jefferson Parish' Objection to and/or Appeal of Magistrate's Report and Recommendation on Attorney Fees and Incorporated Memorandum in Support (Doc. 202), and Sheriff Harry Lee's Objection to and/or Appeal of Magistrate's Report

and Recommendation on Attorney Fees and Incorporated Memorandum in Support (Doc. 204) are **OVERRULED**, and the Court **ACCEPTS** the Magistrate Judge's Report and Recommendation which was entered on October 14, 2005 recommending an award of $49,402.50 in attorneys' fees to plaintiff and ADOPTS it as its own for the reasons stated herein.

New Orleans, Louisiana, this  26th  day of January, 2006.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**