UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THE TOGA SOCIETY, INC., d/b/a                    CIVIL ACTION
THE KREWE OF ALADDIN
                                                 NO. 03-2981
VERSUS
                                                 SECTION "K"
JEFFERSON PARISH SHERIFF HARRY
LEE, *et al*                                     MAGISTRATE:  3

ORDER & REASONS

Before the Court is "Renewed Motion for Partial Summary Judgment as to Payment of the Security Fee in 1999-2000 as Being the Payment of a Thing Not Due" (Doc. 243) brought by plaintiff, The Toga Society, Inc., d/b/a the Krewe of Aladdin ("Aladdin"). This matter was remanded to this Court from the United States Fifth Circuit Court of Appeals as one of the claims pending before this Court was not adjudicated. The disposition of this motion will result in the adjudication of all of the claims pending before this Court allowing the matter to be ripe for appeal.

-1-

## Background

The factual background of this matter is extensively set forth in a previous opinion by this Court on June 18, 2004 and reported in *The Toga Society, Inc., d/b/a The Krewe of Aladdin,* 323 F.Supp. 2d 779, (E.D. La. 2004).  This motion for partial summary judgment focuses upon the $15,000 cash payment made by Aladdin to defendant Harry Lee in his official capacity as Sheriff of the Parish of Jefferson for a police protection fee in reference to the Aladdin Carnival Parade.  Aladdin paid the fee and was issued a parade permit for 2000.  The cost apparently for police protection was actually $11,928 ($3,072 less than the amount paid) which fact Aladdin did not learn until December 5, 2003.  Aladdin was issued a permit for 2001 and 2002 without any request for further payments.  In its previous ruling cited above, this Court found that Aladdin was due $3,072.00 from the $15,000.00 payment.  The Court did not dispose of the remaining claim for $11,928.00 as there was not adequate briefing on the subject by either side, and therefore, the Court denied summary judgment.

However, the Court did find that all constitutional claims arising under Section 1983, arising prior to October 24, 2002 were prescribed.  In so holding, this Court stated:

> "Under the facts of the case, any alleged unconstitutional application of these ordinances was manifested at the time payment was demanded in 1999.  Simply put, Aladdin had knowledge of the alleged wrong then.  Thus, any claim for damages based on Section 1983 from 1999 through October 24, 2002 have prescribed . . . "

Toga, 323 F.Supp. at 787.

**Standard for Motion for Summary Judgment**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Stults v. Conoco, 76 F.3d 651, 656, (5th Cir. 1996), (citing Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 912-13 (5th Cir. 1992) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986) (emphasis supplied); Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986). Finally, the court notes that the substantive law determines materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The court now turns to the merits of the arguments with these standards in mind.

**Analysis**

Simply put, plaintiff alleges that the claim for reimbursement of $11,928.00 which is the $15,000.00 paid in 1999, less the amount already ordered to be paid by this Court is payment of a thing not due, and therefore, is a quasi contractual obligation and has a ten year prescriptive period. Toga argues that this Court had independent jurisdiction over other claims and had supplemental jurisdiction under 28 U.S.C. § 1367. Thus, the §1983 analysis on the issue of prescription would not be applicable. The Court disagrees.

In plaintiff's complaint, in Count 6 - Payment of a Thing Not Due, in paragraph 48, plaintiff avers:

> "The plaintiff alleges that these actions constitute a violation, under color of law, of the well recognized constitutional right to the plaintiff, so that the fees previously demanded and previously paid were not legally due."

In *Jones v. Orleans Parish School Board,* 688 F.2d 342, (5th Cir. 1982), the Court held: "the one year Louisiana prescriptive limitations period applies to "Offenses and Quasi Offenses." Louisiana Civ. Code Article 3536. A claim by Jones that his procedural due process right had been violated in his termination by the Orleans Parish School Board in a charge of an "offense" in the nature of a constitutional tort against the school board."

It is well established by decisions of this circuit that wrongs committed by Louisiana state officials in violation of federal law are considered to be torts subject to the one year prescriptive period. *See*, *e.g.*, *Epes v. City of Bossier City*, 979 F.2d 1534, (5th Cir. 1992). Clearly, the reason

the amount sought as damages would not be due is because actions were unconstitutional for the reasons set forth in this Court's opinion of June 18, 2004. Therefore, since the basis of the claim was § 1983, clearly, the one year prescriptive period would apply, and Toga's claim for the $11,938.00 is prescribed.

Accordingly,

**IT IS ORDERED** that plaintiff, Toga Society, Inc. d/b/a The Krewe of Aladdin's Motion for Partial Summary Judgment is **DENIED** and its claim for said amount against defendant, Jefferson Parish Sheriff Harry Lee is **DISMISSED** with prejudice and that judgment be entered in favor of defendant, Jefferson Parish Sheriff Harry Lee, and against plaintiff, The Toga Society, Inc., d/b/a The Krewe of Aladdin.

New Orleans, Louisiana, this _____3rd\_\_\_\_day of January, 2008.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT