UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE TOGA SOCIETY, INC., d/b/a THE KREWE OF ALADDIN | CIVIL ACTION |
| VERSUS | NO. 03-2981 |
| JEFFERSON PARISH SHERIFF HARRY LEE, *et al.* | SECTION "K" (3) |

**SUPPLEMENTAL ORDER & REASONS**

On January 3, 2008, this Court issued an Order and Reasons (Doc. 248) denying plaintiff's Motion for Summary Judgment and dismissing defendant, Jefferson Parish Sheriff Harry Lee (now Newell Normand) with prejudice. The Court also entered a judgment to that effect (Doc. 249). Subsequently by Supplemental Order and Reasons (Doc. 250) this Court clarified its January 3, 2008 Order and Reasons by specifically addressing the claim of unjust enrichment and found it was without merit.

Subsequently the plaintiff, The Toga Society, Inc., d/b/a The Krewe of Aladdin, filed a "Motion to Rule on the Plaintiff's Detrimental Reliance Claim if Possible on the Existing Record or to Set the Matter for Trial on the Merits to Resolve Any Factual Issues". The motion urges the Court to grant the plaintiff's claim for detrimental reliance. The Court had mistakenly directed its supplemental order and reasons to a claim for unjust enrichment rather than the plaintiff's alternative claim of detrimental reliance.

This Court addressed a myriad of legal issues presented in these proceedings in Order and

Reasons dated June 18, 2004 (323 F. Supp. 2d 779 (E.D. La., 2004)).  The Court set forth the contentions of the parties and factual history in that opinion and incorporates same by reference herein.

The specific issue addressed in the Motion for Summary Judgment is plaintiff's claim for $11,928 against the defendant.  The plaintiff alleges that in 1999 it was compelled to pay $15,000 as a security cost to the defendant in order to receive a parade permit.  In its Order and Reasons denying the motion for summary judgment the Court found that the plaintiff's claim for the $11,928 was prescribed.  Rec. Doc. 248.

In this motion the plaintiff points out to the Court that the Court did not specifically address its alternative argument of detrimental reliance.  In paragraph 57 of the Complaint, the plaintiff avers, "In the alternative and only in the event that the said payment of the $15,000 is not found to be wrongful and the payment of a thing not due, Aladdin is entitled to specific performance of the initial agreement, honored the next two years, that the payment of $15,000 was a one-time payment and that no further payments would be demanded or due."

As stated in the Court's opinion rendered June 18, 2004, Jefferson Parish amended its ordinances in 2004 relating to Mardi Gras parades and eliminated security cost requirements. (323 F. Supp. 2d 785)  It should be further noted that the Court has previously awarded damages to plaintiff in the amount of $3,072, which was a partial refund of the $15,000 deposit as only $11,928 was determined to be the security costs attributable to the plaintiff.  Moreover, the Court awarded damages to plaintiff in the amount of $3,485 in security costs which it paid in 2002 for its 2003 parade.  *See* 2005 WL 1578726 (E.D. La.)

Plaintiff's alternative claim for relief is in reference to its detrimental reliance claim as evidenced by paragraph 57 quoted above seems to be a request for specific performance.

Obviously this request would be moot as since 2004 Jefferson Parish has not required the posting of security cost for a Mardi Gras parade. Additionally, the plaintiff apparently did not make any demand for a specific sum of money in the paragraphs containing its detrimental reliance claim.

To state a claim for detrimental reliance in Louisiana, three elements must be alleged:

1. A representation by conduct or work;

2. Justifiable reliance thereon; and

3. A change in position to one's detriment because of the reliance. *Miller v. Miller*, (817 So. 2d 1166, 1171 (La. 2002), *citing Morris v. Friedman*, 663 So. 2d 19).

In addition to the futility of granting plaintiff's alternative relief of specific performance, the Court finds that there has been no change in plaintiff's position to its detriment because of the reliance. The only change in its position would have been the payment of the $3,485 it paid to the defendant in 2002 for its 2003 parade. The Court has already awarded judgment for this amount, therefore there is no detrimental reliance and the Motion for Summary Judgment is denied.

As stated the Court has previously denied plaintiff's Motion for Summary Judgment, dismissed Jefferson Parish Sheriff Harry Lee (now Newell Normand) and entered judgment. This Supplemental Order and Reasons shall be incorporated into the judgment previously entered (Doc. 249).

New Orleans, Louisiana this ____28th____ day of February, 2008.

```
                                    _____
                                         STANWOOD R. DUVAL, JR.
                                      UNITED STATES DISTRICT JUDGE
```